**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICKKE L. GREEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN WHETSEL, SHERIFF, )<br>)<br>Respondent. ) | Case No. CIV-05-402-F |

## REPORT AND RECOMMENDATION

Petitioner, a state pretrial detainee appearing *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254.[1]  The matter has been referred for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).  The Petition has been examined together with Petitioner's proposed supplements to the Petition.[2]  For the reasons set forth below, it is recommended that this action be summarily dismissed without prejudice to refiling because Petitioner has failed to demonstrate exhaustion of available state remedies.

---

[1] A claim for habeas relief made by a state pre-trial detainee, such as Petitioner, is governed by 28 U.S.C. §2241 which gives district courts the power to entertain an application for a writ of habeas corpus on behalf of a petitioner purportedly "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241. *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-493 (1973); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 545 n.1 (6th Cir. 1981) ("[p]retrial petitions . . . are properly brought under §2241"). The Petition, therefore, will be treated as a §2241 petition. *See Hemphill v. Whetsel*, No. 04-6346, 2005 WL 1525746 at *1, n.1 (10th Cir. June 29, 2005) (unpublished op.) (noting that district court properly construed pretrial detainee's § 2254 petition as a petition brought pursuant to § 2241).

[2] *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing initial judicial examination of habeas petitions) and Rule 1(b) (authorizing application of the rules to other habeas actions such as the instant case, in the court's discretion). *See also Boutwell v. Keating*, 399 F.3d 1203, 1210, n.2 (10th Cir. 2005).

**Petitioner's Claims and Proposed Supplements to His Petition**

Petitioner is a state pre-trial detainee awaiting disposition in two cases pending in Oklahoma County District Court.[3] In his Petition for habeas relief, Petitioner asserts three claims. First, he claims he is being subjected to double jeopardy in the State's pending prosecution against him on the charge of bail jumping. Second, he claims he is being subjected to selective prosecution for bail jumping in violation of his 14th Amendment rights. And third, Petitioner claims that he is being prosecuted in retaliation for his successful litigation in federal court in 1995.

Since filing his Petition, Petitioner has filed an Application for Order for Immediate Release on Bail [Doc. #6] requesting that this Court order his release on bail and asking for an evidentiary hearing. Petitioner attaches an Affidavit setting out further developments in his pending state court cases.

Petitioner has also filed numerous Applications for Leave to Supplement his Petition. Most of these Applications [Doc. ##7, 9, 12, 15, 18, 19, 22, 23 and 30] outline recent developments in his ongoing state court cases. Two of these Applications [Doc. ##13 and 14], however, seek leave to supplement the Petition with pleadings he attempted to file with

---

[3]The Court takes judicial notice of the dockets in the District Court of Oklahoma County, in Case No. CF-05-1510, *State of Oklahoma v. Rickke Leon Green*, in which Mr. Green is charged with Incurring Forfeiture of Bail in violation of 59 O.S. § 1335, with date of offense identified as 1/12/05, and in Case No. CF-03-118, *State of Oklahoma v. Rickke Leon Green*, in which Mr. Green is charged with grand larceny, in violation of 21 O.S. § 1702-1737, with date of offense identified as 12/19/02. *See* www.oscn.net/applications/oscn/GetCaseInformation.asp?number=CF-05-1510&db=O; and www.oscn.net/applications/oscn/GetCaseInformation.asp?number=CF-03-118&db=O.

the Tenth Circuit Court of Appeals but that were returned to him as improperly submitted to that Court. The information and allegations in these Applications [Doc. ##13, 14] are substantially cumulative to the information submitted with Petitioner's other Applications for Leave to Supplement.

In his proposed supplements, Petitioner provides an ongoing recitation of developments in his pending state court proceedings. Petitioner's allegations primarily focus on the conduct of judges, assistant district attorneys and his court-appointed counsel in the pending state court criminal proceedings, claiming that their conduct violates state law and his constitutional rights.

Finally, Petitioner has recently filed four pleadings entitled "Applications for Criminal Prosecution" [Doc. ##24, 25, 26, 27]. In these Applications, Petitioner requests that this Court order criminal prosecutions against the state court judges, prosecutors and public defenders involved in his state court proceedings. He alleges the state court proceedings are being conducted contrary to state law.

Petitioner acknowledges that he has not attempted to exhaust state court remedies for the claims asserted in his habeas petition. He contends that a state remedy is "impossible" because Oklahoma County judges will not rule on *pro se* motions and because the Oklahoma Court of Criminal Appeals will not entertain issues without written orders. *See* Petition at 12.

## **Analysis**

Section 2241 does not contain an express exhaustion requirement. Nonetheless, "federal courts should abstain from the exercise of [Section 2241] jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (*quoting Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). Petitioner bears the burden of showing that he has exhausted available state remedies. *See, e.g., Cooper v. McKinna*, No. 99-1437, 2000 WL 123753 at *1 (10th Cir. Feb. 2, 2000) (unpublished op.).[4]

Under Oklahoma law, a remedy for unlawful detention is made available through the writ of habeas corpus in the state courts. *See* Okla. Stat. tit. 12, §1344 (1991) ("The writ [of habeas corpus] may be had for the purpose of letting a prisoner to bail in . . . criminal actions."). *See also* Okla. Stat. tit. 12, §1331 (1991) ("Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."). Petitioner has not sought habeas corpus relief in the state courts. His unsupported statements suggesting that the state court would refuse to entertain a petition for writ of habeas corpus filed *pro se* are not sufficient to establish that state court remedies are unavailable.

---

[4]This and all other unpublished decisions referenced in this Report are cited for their persuasive value in accordance with 10th Cir. R. 36.3(B).

In addition, Petitioner fails to allege the requisite special circumstances that must exist before a federal court may intervene in ongoing state criminal prosecutions. *See Younger v. Harris*, 401 U.S. 37 (1971) (principles of comity and federalism mandate that federal court not interfere with ongoing state criminal proceedings by injunctive or declaratory relief except under special circumstances). Consequently, Petitioner must first exhaust his claims in state court. *See Hall v. Pratt*, No. 03-1387, 2004 WL 740036 (10th Cir. April 7, 2004) (unpublished op.) (affirming dismissal of federal pretrial detainee's § 2241 petition due to petitioner's failure to pursue and exhaust the available remedies in the trial court);[5] *Ball v. Scott*, No. 93-3345, 1994 WL 562023 at *1 (10th Cir. Oct. 13, 1994) (unpublished op.) (affirming dismissal of §2241 petition for failure to exhaust state remedies). Petitioner's action should be dismissed without prejudice to refiling upon exhaustion of state court remedies.

**Petitioner's Applications for Criminal Prosecutions**

Petitioner has recently filed four pleadings entitled "Application for Criminal Prosecution" [Doc. ##24, 25, 26, 27]. In each Application, Petitioner requests that this Court order a criminal prosecution of the state court judges, prosecutors and public defenders involved in his pending state court criminal proceedings. In seeking such action, Petitioner is fundamentally mistaken in his view of the jurisdiction of this Court. This Court does not

---

[5]In *Hall* the court noted that the exhaustion requirement for a federal pretrial detainee is rooted in "concerns for judicial economy" whereas the exhaustion requirement for a state pretrial detainee is rooted in comity.

have the power or jurisdiction to order the U.S. Attorney, as prosecutor for the United States, to prosecute individuals in criminal proceedings. *See, e.g., Inmates of Attica Correctional Facility vs. Rockefeller*, 477 F.2d 375 (2d Cir. 1973) (decision to prosecute state officers and officials for violation of federal prisoners' civil rights is vested within the discretion of the United States Attorney); *Howell v. Brown*, 85 F. Supp. 537, 540 (D.C. Neb. 1949) (United States attorneys are beyond the supervisory control of the courts and, therefore, courts are without power to compel prosecution). *See also United States v. Singleton*, 165 F.3d 1297, 1300 (10th Cir. 1999) ("[T]he government's sovereign authority to prosecute and conduct a prosecution is vested solely in the United States Attorney and his or her properly appointed assistants."). This Court is a court of limited jurisdiction whose function is to serve as a trial level court to decide cases properly brought before it under the laws and Constitution of the United States. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("[F]ederal courts are courts of limited jurisdiction and require both constitutional and statutory authority in order to adjudicate a case . . . .").

Petitioner's Applications for Criminal Prosecution are wholly without merit and should be summarily denied.

### RECOMMENDATION

It is recommended that Petitioner's Applications for Criminal Prosecution [Doc. ##24, 25, 26, 27] be denied.

It is recommended that Petitioner's Applications for Leave to Supplement [Doc. ##7, 9, 12, 15, 18, 19, 22, 23 and 30] be granted to the extent that the information contained in

those applications be considered in this Court's initial judicial review and disposition of Petitioner's action.

It is recommended that Petitioner's Applications for Leave to Supplement seeking to supplement his Petition with cumulative pleadings submitted to the Tenth Circuit Court of Appeals [Doc. ##13, 14] be denied.

Finally, it is recommended that the Petition [Doc. #1] and Petitioner's Application for Order for Immediate Release on Bail [Doc. #6] be denied and this action summarily dismissed without prejudice for failure to exhaust state court remedies.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. §636. Any such objection should be filed with the Clerk of this Court by August  2nd , 2005. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

The Court Clerk is directed to transmit a copy of this Report and Recommendation to the Respondent for informational purpose.

ENTERED this  13th  day of July, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE

ENTERED this  13th  day of July, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE